**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PLAZ HALL MURDOCK-ALEXANDER, JR. on behalf of himself and other similarly situated laborers,<br><br>    Plaintiff,<br><br>  v.<br><br>TEMPS NOW EMPLOYMENT AND PLACEMENT SERVICES, LLC and EMCO CHEMICAL DISTRIBUTORS, INC.,<br><br>    Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge |

## CLASS ACTION COMPLAINT

Plaintiff Plaz Hall Murdock-Alexander, Jr. ("Plaintiff"), on behalf of himself and all other similarly situated laborers, for his Complaint against Temps Now Employment and Placement Services, LLC ("Temps Now" or "Defendants"), states as follows:

### I.  INTRODUCTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section § 1981"), for Defendants' discrimination against African-American laborers in their practices in making assignments to work. Temps Now is a temporary staffing agency that assigns temporary laborers in its labor pool to its third party client companies for a fee, including to Defendant EMCO. Since May of 2012, Plaintiff has sought work assignments from Temps Now to Temps Now's client companies, including EMCO, but on one or more occasions was not assigned to one or more of Temps Now's client companies, including EMCO, because of his race.

2. Plaintiff will seek to certify a class pursuant to Federal Rule Civil Procedure 23(a) and (b) to pursue their Title VII and their § 1981 claims on behalf of himself and similarly situated

1

African-American laborers. This Complaint names Temps Now and EMCO, with whom Temps Now bears joint responsibility, for the pattern or practice of excluding or severely restricting job assignments for African-American laborers. As all referrals for employment at issue in this action were made to Temps Now's client companies, including EMCO, by Defendant Temps Now through its office in Waukegan, Illinois, the claims encompassed by this action warrant certification as a class action, with a separate subclass for each Defendant EMCO.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's Title VII and § 1981 claims pursuant to 28 U.S.C. § 1331, arising under arising under 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

4. Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained their offices and transacted business within this jurisdiction.

5. On March 16, 2015, Plaintiff filed charges of discrimination against Temps Now and EMCO. On February 12, 2016, the EEOC issued Notices of the Right to Sue to Plaintiff, attached hereto as Group Exhibit A.

6. The case is timely filed.

## III. PARTIES

### A. <u>Plaintiff</u>

7. Plaintiff Plaz Hall Murdock-Alexander, Jr.:

    a. is African American and resides in this judicial district;

    b. is and, at all relevant times, has been qualified to perform work for Temps Now;

    c.      is and, at all relevant times, has been qualified to perform work for many of Temps Now's client companies, including EMCO;

    d.      is and, at all relevant times, has been a "job applicant" at EMCO through Temps Now; and

    e.      is and, at all relevant times, has been a laborer seeking work assignments from Temps Now at Temps Now's client companies, including EMCO.

**B.    <u>Defendants</u>**

8.    At all relevant times, Defendant Temps Now:

    a.      has been a corporation organized under the laws of the State of Delaware;

    b.      has been located in and conducted business in Illinois and within this judicial district;

    c.      has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c);

    d.      has been a day and temporary labor service agency as defined by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*.; and

    e.      has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

9.    At all relevant times, Defendant EMCO:

    a.      has been a corporation organized under the laws of the State of Illinois;

    b.      has been located in and conducted business in Illinois and within this judicial district; and

    c.      has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c);

### IV.  FACTUAL BACKGROUND

10.     At all relevant times, Temps Now has operated as an employment agency with a branch office located in Waukegan, Illinois ("Temps Now Waukegan Branch Office").

11.     Temps Now is in the business of providing third-party client companies, including EMCO, with low- and moderately-skilled laborers to fill jobs on a daily basis.

12.     Temps Now acts as an agent of EMCO in recruiting, training, assigning and paying laborers to work at EMCO.

13.     Temps Now acts as a joint employer with EMCO in the assignment of laborers to work at EMCO.

14.     As part of its business, Temps Now is constantly engaged in recruiting low- and moderately-skilled laborers to fill ongoing work orders. When a laborer seeks an assignment through Temps Now, such laborers are seeking to fill a daily job at any of the third-party client companies to which Temps Now supplies labor, including EMCO.

15.     Temps Now permits individuals who walk into its Temps Now Waukegan Branch Office to seek work assignments.

16.     Individuals are referred for employment in the Temps Now Waukegan Branch Office, regardless of whether they request to be referred to a particular employer.

17.     When an individual comes to the Temps Now Waukegan Branch Office seeking a work assignment, an Temps Now employee typically takes contact information for the individual and either refers the individual for employment or informs the individual that s/he will be contacted when a daily job becomes open to which s/he can be referred.

18.     The jobs for which the Temps Now Waukegan Branch Office refers candidates, including at EMCO, do not require any special skills, training or qualifications.

19. From May 2012 through the present, Temps Now referred for employment thousands of laborers to its client companies, including EMCO.

20. During the period of May 2012 to the present, the Named Plaintiff sought work at Temps Now's Waukegan Branch Office on multiple occasions while work assignments were being made to Temps Now's client companies, including EMCO.

21. On those occasions when the Named Plaintiff sought work assignments at the Temps Now Waukegan Branch Office, he was directed to sign in on sign-in sheets that indicated the order in which he had arrived.

22. Other African American laborers similarly sought work assignments from Temps Now's Waukegan Branch Office during the period of May 2012 to the present and were directed to put their names on sign-in sheets that indicated the order in which they had arrived.

23. On each occasion the Named Plaintiff came to the Temps Now Waukegan Branch Office to seek a work assignment, they waited in the Branch office in an attempt to receive a work assignment.

24. During the period from May 2012 and the present, Plaintiff observed while he was present in the Waukegan office that typically about a third of the laborers there seeking work assignments were African American.

25. During the period from May 2012 and the present, Plaintiff observed, while were present at the Waukegan office, that many laborers who appeared Hispanic and spoke Spanish, were assigned to work while laborers who appeared to be African American were not assigned work.

26. On many of the occasions when the Named Plaintiff sought work at Temps Now's Waukegan Branch Office, he was not assigned to work even though there were assignments at Temps Now's client companies, including EMCO, for which he was qualified.

27.     Non-African American laborers received work assignments to Temps Now's client companies, including EMCO, before African American laborers.

28.     Non-African American laborers were given assignments to Temps Now's client companies, including EMCO, before African American laborers even though they were no more qualified to perform the job.

29.     Non-African American laborers were given assignments to Temps Now's client companies, including EMCO, before African American laborers even though they arrived after the African American laborers.

30.     The Temps Now Waukegan Branch Office has had a practice of retaining contact information and/or applications completed by candidates for referral for at least several months.

31.     For the period of May 2012 to the present, on many of the days when the Named Plaintiff was not present in the Temps Now Waukegan Branch Office, he was available for assignments at Temps Now's client companies, including EMCO.

32.     On such days, the Named Plaintiff was not contacted for work assignments even though there were assignments available for which he was qualified.

33.     On information, non-African American laborers were contacted for work assignments to Temps Now's client companies, including EMCO, before African American laborers.

34.     Non-African American laborers were contacted for work assignments to Temps Now's client companies, including EMCO, before African American laborers even though they were no more qualified to perform the job.

35.     Non-African American laborers were contacted for work assignments to Temps Now's client companies, including EMCO, before African American laborers even though they had been seeking work at Temps Now for less time.

6

36. The Named Plaintiff is and, at all relevant times, has been equally qualified to work at the Temps Now Waukegan Branch Office's client companies, including EMCO, as non-African-American laborers who sought and were given a work assignment at Temps Now's client companies, including EMCO.

37. Other African-American laborers who sought work assignments from Temps Now's Waukegan branch office were likewise equally qualified to work at the client companies, including EMCO, of Temps Now's Waukegan Branch Office as Hispanic laborers who sought a work assignment from Temps Now's Waukegan Branch Office and were given a work assignment at Temps Now's client companies, including EMCO.

38. Temps Now failed or refused to assign Named Plaintiff to work at several of its client companies, including EMCO, because of their race.

39. Temps Now refused to assign other similarly situated African American laborers to work at its client companies, including EMCO, because of their race.

40. Temps Now assigned other, non-African-American laborers to work at its client companies, including EMCO, to fill jobs that required no special education, knowledge or experience.

41. Temps Now assigned other, non-African-American laborers to work at its client companies, including EMCO, even though they sought work assignments after Plaintiff and other similarly situated African American laborers.

42. EMCO was aware, or should have been aware, that Temps Now has been engaging in a discriminatory practice of assigning almost exclusively Hispanic employees to work at its facility.

43. EMCO exercised authority jointly over the choice of which laborers to assign to work at the Client Companies, when and how to discipline workers who were assigned to work at the Client Companies and the time, place, and scope of the work to be performed.

44. EMCO failed to exercise reasonable care in ensuring that Temps Now, as an agent of each company, did not engage in discriminatory assignment practices or in other practices that limited the pool of available temporary workers in a discriminatory way.

45. EMCO had the authority, and exercised that authority, to select the characteristics of laborers that Temps Now assigned and did not assign to work at its facility. Temps Now implemented the instructions provided by EMCO about which laborers to assign to work at the Client Companies.

46. EMCO advised Temps Now of their preference for not having African American laborers assigned.

47. EMCO directed Temps Now not to assign African American laborers to their work site.

48. Temps Now failed or refused to assign Plaintiff and other similarly situated African-American laborers to work at EMCO because it was complying with a discriminatory request from EMCO to steer African-American laborers away from its company.

49. Temps Now knew or should have known that it was steering African-Americans away from EMCO and towards other clients of Temps Now and failed to take action to stop this discriminatory conduct.

## V. CLASS ACTION ALLEGATIONS

50. The Named Plaintiff's claims are susceptible to class certification pursuant to Rule 23(a) and (b)(3), Fed.R.Civ.P.

51.     The Class is defined to include "All African-Americans who sought work assignments through the Temps Now Waukegan Branch Office and were eligible to work at one or more of Temps Now's client companies at any time between May 12, 2012 and the date of judgment and who, on one or more occasion, were not assigned to work at one of EMCO by Temps Now."

     a.     In addition, a separate Subclass should be certified for claims against EMCO ("EMCO Subclass"): "All African-Americans who sought work assignments through the Temps Now Waukegan Branch Office and were eligible to work at EMCO Chemical Distributors, Inc. at any time between May 12, 2012 and the date of judgment and who, on one or more occasion, were not assigned to work at EMCO Chemical Distributors, Inc. by Temps Now."

52.     Certification of the class and subclass pursuant to Rule 23(a) and (b)(3) is warranted because:

     a.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and the Defendants are located in this judicial district.

     b.     The class is so numerous that joinder of all members is impracticable. Defendants jointly employed thousands of individuals who sought work assignments through the Waukegan Temps Now Branch Office from May 12, 2012 through the present. On information and belief, there were thousands of African American laborers who sought assignments to work at the Temps Now Waukegan Branch Office at Temps Now's client companies, including EMCO.

c. One or more questions of law or fact are common to the class, including:

(i) Whether EMCO have engaged in a pattern or practice of denying employment to African American laborers because of their race;

(ii) Whether EMCO directed Temps Now to refrain from assigning African American laborers to work at EMCO;

(iii) Whether Temps Now and EMCO are joint employers of the laborers assigned to work at EMCO;

(iv) Whether EMCO failed to exercise reasonable care to prevent their agent, Temps Now, from engaging in discriminatory hiring practices;

(v) Whether the choices Temps Now made of which laborers it assigned for work through its Waukegan office were made in conformity with directions provided by EMCO;

(vi) Whether the conduct complained of herein constitutes a violation of Title VII;

(vii) Whether the conduct complained of herein constitutes a violation of Section 1981;

(viii) Whether injunctive relief is warranted against Temps Now and/or EMCO;

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel are competent and experienced in litigating discrimination and other employment class actions;

e. The class representative and the members of the class have been subject to, and challenge, the same practices that are being challenged by the class;

f. Issues common to the class predominate over issues unique to individual class members and pursuit of the claims as a class action is superior to other available methods for the fair and efficient resolution of this controversy.

g. Adjudication of these claims as a class action can be achieved in a manageable manner.

53. Pursuit of the claims set forth herein through a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of 42 U.S.C. § 1981 – Race-based Discrimination**
**Plaintiff on behalf of himself and a class of similarly situated African American laborers as against Defendant Temps Now**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 53 as though set forth herein.

54. This Count arises under § 1981 for Defendant Temps Now's discriminatory practices in assigning laborers to several of its client companies, including EMCO, as described more fully in paragraphs 10 – 49, *supra*, which resulted in disparate treatment of Plaintiff and a class of African American laborers.

55. Defendant Temps Now engaged in assignment practices that discriminated against Plaintiff and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 10 – 49, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

56. As described more fully in paragraphs 10 – 49, *supra*, Defendant Temps Now engaged in a pattern and practice of racial discrimination against Plaintiff and other similarly situated African American laborers based on his race as African Americans.

57. As described more fully in paragraphs 10 – 49, *supra*, Defendant Temps Now's discrimination against Plaintiff and other similarly situated laborers based on their race as African Americans was intentional.

58. Defendant Temps Now failed or refused to assign African American applicants to work at the several of its client companies, including EMCO, in favor of Hispanic employees

on the basis of their race as African Americans, as described more fully in paragraphs 10 – 49, *supra*.

59. Defendant Temps Now's failure to assign Plaintiff and other similarly situated African-American laborers to work at EMCO was, at least in part, because it was complying with a discriminatory request from EMCO to steer African American laborers away from their respective facilities in favor of Hispanic laborers.

60. EMCO' requests to Temps Now to steer African American laborers away from their respective companies was based on their race.

61. Defendant Temps Now failed to exercise reasonable care to ensure that its agents for hiring or assigning laborers did not engage in discriminatory hiring practices.

62. Defendant Temps Now's conduct in not assigning Plaintiff and other similarly situated African American laborers to work at EMCO was willful and/or reckless, warranting the imposition of punitive damages.

63. As a direct and proximate result of the willful and reckless acts or omissions of Defendants Temps Now alleged in paragraphs 10 – 49, *supra*, all Plaintiff and similarly situated African-American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Temps Now pursuant to Rule 23;

B. enjoin Defendant Temps Now from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers;

C. enter a judgment in his favor and against Defendant Temps Now for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E.  for such other relief as this Court deems just and equitable.

## COUNT II
### Violation of 42 U.S.C. § 1981 – Race-based Discrimination
### Plaintiff on behalf of himself and a class of similarly situated African American laborers as against Defendants Temps Now and EMCO
### *Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 63 as though set forth herein.

64.     This Count arises under § 1981 for EMCO's discriminatory practices in hiring through their agent or employment agency, Temps Now, and Temps Now's compliance with EMCO's discriminatory requests as described more fully in paragraphs 10 – 49, *supra*, which resulted in disparate treatment of Plaintiff and a class of other African-American laborers.

65.     As described more fully above and specifically in paragraphs 10 – 49, *supra*, EMCO intentionally discriminated against all Plaintiff based on their race as African Americans, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

66.     EMCO made discriminatory requests of its agent for assigning laborers, Temps Now, in that, on information from former Temps Now dispatchers, EMCO requested that its agent steer Plaintiff and other similarly situated African Americans away from work at EMCO based on their race.

67.     In the alternative, EMCO knew or should have known that its agent, Temps Now, was engaging in a discriminatory practice of assigning laborers to work at EMCO.

68.     EMCO failed to exercise reasonable care to ensure that its agent for assigning laborers to work at their respective facilities, Temps Now, did not engage in discriminatory assignment practices.

13

69.     EMCO's discrimination against African-American job seekers was based on Plaintiff's and similarly situated job applicants' race, African American, and violated 42 U.S.C. § 1981.

70.     As a direct and proximate result of the acts or omissions of EMCO and Temps Now alleged in paragraphs 10 – 49, *supra*, Plaintiff and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

71.     EMCO and Temps Now's conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff and the EMCO Subclass respectfully pray that this Court:

A.  allow this action to proceed as a class action against Defendants Temps Now and EMCO pursuant to Rule 23;

B.  enjoin Defendants EMCO and Temps Now from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers in the EMCO Subclass;

C.  enter a judgment in their favor and against Defendants EMCO and Temps Now for back pay damages for Plaintiff and the EMCO Subclass in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action;

E.  hold Defendants EMCO and Temps Now jointly and severally liable to pay such damages and attorneys' fees and costs; and

F.  for such other relief as this Court deems just and equitable.

**COUNT III**
**Violation of Title VII-Race-based Discrimination–Disparate Treatment**
**Plaintiff on behalf of himself and a class of similarly situated African American laborers as against Defendants Temps Now**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 71 as though set forth herein.

14

72. This Count arises under Title VII for Defendants Temps Now's discriminatory practices assigning laborers through Temps Now, as described more fully in paragraphs 10 – 49, *supra*, resulting in disparate treatment of Plaintiff and a class of African American laborers.

73. As described more fully in paragraphs 10 – 49, *supra*, Defendant Temps Now engaged in a pattern and practice of intentional discrimination against Plaintiff based on his race, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

74. As described more fully in paragraphs 10 – 49, *supra*, Defendant Temps Now engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

75. As a direct and proximate result of the above-alleged acts or omissions of Defendant Temps Now, Plaintiff suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

76. Defendant Temps Now's conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Temps Now pursuant to Rule 23;

B. enjoin Defendants Temps Now from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C. enter a judgment in their favor and against Defendant Temps Now for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action; and

E. for such other relief as this Court deems just and equitable.

**COUNT IV**
**Violation of Title VII- Race-based Discrimination – Adverse Impact**
**Plaintiff on behalf of themselves and a class of similarly situated African American laborers as against Defendant Temps Now**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 76 as though set forth herein.

77.     This Count arises under Title VII for Defendant Temps Now's policy and practice of hiring Hispanic laborers over African American laborers as described more fully in paragraphs 10 – 49, *supra*, resulting in a significant adverse impact on Plaintiff and a class of African American laborers.

78.     As described more fully in paragraphs 24 - 68, *supra*, Defendant Temps Now has engaged in a practice of assigning primarily Hispanic laborers to work at its client companies, including EMCO.

79.     Temps Now's practice of showing preference for assigning Hispanic laborers over African American workers to work at its third party clients, including EMCO, has caused a significant disparate impact on Plaintiff and other similarly situated African-American laborers in obtaining work assignments through Temps Now, including at EMCO.

80.     As a direct and proximate result of the above-alleged acts or omissions of Defendant Temps Now, Plaintiff and other similarly situated African-American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

81.     Temps Now failed to exercise reasonable care to ensure that its agents did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Temps Now pursuant to Rule 23;

16

B.  enjoin Defendants Temps Now from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C.  enter a judgment in their favor and against Defendant Temps Now for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action; and

E.  for such other relief as this Court deems just and equitable.

**COUNT V**
**Violation of Title VII-Race-based Discrimination–Disparate Treatment**
**Plaintiff on behalf of themselves and a class of similarly situated African American laborers as against Defendant EMCO**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 141 as though set forth herein.

82.     This Count arises under Title VII for Defendant EMCO's discriminatory practices in hiring through its agent or employment agency, Temps Now, described more fully in paragraphs 10 – 49 *supra*, resulting in disparate treatment of Plaintiff and a class of African-American laborers.

83.     As described more fully in paragraphs 10 – 49, *supra*, Defendant EMCO engaged in a pattern and practice of intentional discrimination against Plaintiff based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

84.     As described more fully in paragraphs 10 – 49, *supra*, Defendant EMCO engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

85.     As a direct and proximate result of the above-alleged acts or omissions of Defendant EMCO, Plaintiff and other similarly situated African-American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

86.     Defendant EMCO's conduct was willful and/or reckless, warranting the imposition of punitive damages.

87.     Defendant EMCO failed to exercise reasonable care to ensure that its agent for the assignment of laborers, Temps Now, did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiff and the EMCO Subclass respectfully pray that this Court:

A.  allow this action to proceed as a class action against Defendant EMCO pursuant to Rule 23;

B.  enjoin Defendant EMCO from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers in the EMCO Subclass;

C.  enter a judgment in their favor and against Defendant EMCO for back pay damages for Plaintiff and the EMCO Subclass in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action;

E.  hold Defendant EMCO jointly and severally liable to pay such damages and attorneys' fees and costs; and

F.  for such other relief as this Court deems just and equitable.

**COUNT VI**
**Violation of Title VII-Race-based Discrimination – Adverse Impact**
**Plaintiff on behalf of themselves and a class of similarly situated African American laborers as against Defendant EMCO**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 87 as though set forth herein.

88.     This Count arises under Title VII for Defendant EMCO's policy and practice of hiring Hispanic laborers over African American laborers through its agent or employment agency, Temps Now, as described more fully in paragraphs 10 – 49, *supra*, resulting in a significant adverse impact on Plaintiff and a class of African American laborers.

89. As described more fully in paragraphs 10 – 49, *supra*, Defendant EMCO has engaged in a practice of securing the vast majority of its laborers through its employment agencies, including Temps Now.

90. Defendant EMCO's practice of securing laborers to work at its facility from employment agencies which prefer to assign and, in fact, do assign Hispanic laborers over African American laborers has caused a significant disparate impact on Plaintiff and other similarly situated African American laborers in obtaining work assignments at Defendant EMCO.

91. As a direct and proximate result of the above-alleged acts or omissions of Defendant EMCO, Plaintiff and other similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

92. Defendant EMCO failed to exercise reasonable care to ensure that its agents for the assignment of laborers, including Temps Now, did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiff and the EMCO Subclass respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant EMCO pursuant to Rule 23;

B. enjoin Defendant EMCO from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers in the EMCO Subclass;

C. enter a judgment in their favor and against Defendant EMCO for back pay damages for Plaintiff and the EMCO Subclass in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E. hold Defendant EMCO jointly and severally liable to pay such damages and attorneys' fees and costs; and

F. for such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated: May 12, 2016

*/s/Christopher J. William*s
Christopher J. Williams
Alvar Ayala
Neil Kelley
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff

20